UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
PETER GONZALEZ; FRANCESCA GONZALEZ,

                                                  Plaintiffs,

      -v.-                                                1:06-CV-0898
                                                               (GLS)(RFT)
EDWARD O. SPAIN, Judge, The New York
Supreme Court Appellate Division Third Department, *et al.*,

                                                  Defendants.
--------------------------------------------------------------------------------
APPEARANCES:

PETER GONZALEZ
FRANCESCA GONZALEZ
Plaintiffs, *pro se*

GARY L. SHARPE, U.S. DISTRICT JUDGE

## **DECISION and ORDER**

**I.    Background.**

Presently before this Court is an application to proceed *in forma pauperis and* a civil rights Complaint, filed by Peter Gonzalez and Francesca Gonzalez ("Plaintiffs" or "Gonzalezes"). The Plaintiffs have not paid any fee relating to this action.

For the reasons stated below, Plaintiffs' Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District.

**II.    Plaintiffs' Complaint.**

Plaintiffs' Complaint asserts claims against five judges of the Appellate Division, Third Department, and one Schoharie County judge. The basis for the Complaint is that the judges did not grant Plaintiffs the relief they sought in actions that came before them in their judicial capacity, and that the judges made erroneous rulings on the papers Plaintiffs put before those Courts.

28 U.S.C. § 1915(e), as amended, directs that the Court:

(2) [S]hall dismiss the case at any time if the court determines that -

\*\*\*

(B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Thus, there is a responsibility on the Court to determine that a complaint may be properly maintained in the District before it may permit a plaintiff to proceed with an action *in forma pauperis*. *Id.*

The law in this Circuit clearly provides that "[j]udges enjoy **absolute immunity** from personal liability for 'acts committed within their judicial jurisdiction.'" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (emphasis added) (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)). "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young*, 41 F.3d at 51 (internal quotations omitted). Accordingly, Plaintiffs' action must be dismissed.

In light of the foregoing, Plaintiffs' application to proceed *in forma pauperis* will be denied as moot.

WHEREFORE, it is hereby

ORDERED, that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District, and it is further

ORDERED, that Plaintiffs' application for leave to proceed *in forma pauperis* is **DENIED** as moot, and it is further

ORDERED, that the Clerk serve a copy this Order on the Plaintiffs by regular mail.

IT IS SO ORDERED.

**It is hereby certified that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).**

Dated: July 27, 2006

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge